

**FILED**
January 25, 2024 02:04 PM
ST-2018-CV-00612
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| HORWITZ & COMPANY, INC. a St. Thomas, U.S. Virgin Islands Corporation, and JEFFREY MAJOR, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. ST-18-CV-612 |
| v. | ) ) | |
| COWPET BAY WEST CONDOMINIUM ASSOCIATION, INC., a St.Thomas U.S. Virgin Islands Condominium Association, and FUSCO GROUP PARTNERS, INC. d/b/a WORLDDCLAIM GLOBAL CLAIMS MANAGEMENT, a New York Limited Liability Corporation, | ) ) ) ) ) ) ) ) | ACTION FOR BREACH OF BREACH OF CONTRACT & INTENTIONAL INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS |
| Defendants. | ) ) | **Cite as 2024 V.I. Super 6U** |

## MEMORANDUM OPINION AND ORDER

¶1.     **THIS MATTER** is before the Court on Plaintiff Horwitz & Company, Inc.'s ("Horwitz") Motion to Amend the Complaint filed on February 25, 2019. Fusco Group Partners, Inc. d/b/a WorldClaim Global Claims Management ("WorldClaim") filed an opposition on March 28, 2019. Plaintiff's reply was filed on April 10, 2019. For the reasons stated herein, the Court will grant Plaintiff's Motion to Amend the Complaint.

### I.     FACTUAL BACKGROUND

¶2.     This matter pertains to an agreement entered into between Cowpet Bay West Condominium Association, Inc. ("Cowpet") and Horwitz & Company, Inc. ("Horwitz") to provide insurance claim adjustment services in the aftermath of Hurricanes Irma and Maria in September 2017. In the agreement, Cowpet retained Horwitz to advise and assist in preparing and adjusting the insurance claim arising from loss covered by perils associated with hurricane damage. As compensation, the agreement further provides for payment to Horwitz of ten percent (10%) of the amount paid or agreed to be paid by insurance companies. Horwitz claims that pursuant to its agreement with

Cowpet, it performed the services outlined in the contract, and through its efforts, the insurance carrier agreed to issue to Cowpet an initial advance of Three Hundred Thousand ($300,000.00) and a second advance in the amount of One Million Two Hundred Thousand Dollars ($1,200,00.00). However, Cowpet failed to pay for the services rendered.[1]

¶3.	On January 20, 2018, Cowpet informed Horwitz that it had decided to terminate any written or verbal agreements with Horwitz effective January 17, 2018, and retained WorldClaim to advise and assist in insurance adjustment services. On September 21, 2018, Horwitz filed a complaint in this Court alleging breach of contract against Cowpet and intentional interference with existing contractual relations against WorldClaim. On February 25, 2019, Horwitz filed its motion to amend the complaint to add Jeffery Major as Plaintiff and a third count to the complaint for unjust enrichment/quantum Meruit.

## II.	LEGAL ANALYSIS & DISCUSSION

¶4.	The procedural rule that governs the ability of a plaintiff to amend a complaint is V.I. R. Civ. P. 15. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." V.I. R. CIV. P. 15(a)(1). Once the 21-day period has expired, a party's complaint may only be amended with the opposing party's written consent or with permission from the court. V.I. R. CIV. P. 15(a)(2). It is well established that a "court should freely give leave to amend a complaint when justice so requires." V.I. R. Civ. P. 15(a)(2). *Basic Services, Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 666 (V.I. 2019).

---

[1] In December 2021, Horwitz, Jeffrey Major and Cowpet resolved their dispute and executed a stipulation of dismissal. Upon receiving the stipulation of dismissal, the Court on December 15, 2021, dismissed Horwitz and the prospective plaintiff Jeffrey Major's claim against Cowpet with prejudice.

*Davis v. UHP Projects, Inc.*, 74 V.I. 525, 536-537 (V.I. 2021). Under Rule 15, a court may permit a party to amend its pleading at any time, even after the close of discovery or during trial. *Davis*, 74 V.I. at 538. However, granting or denying a motion to amend a complaint is "vested in the discretion of the Superior Court." *Anthony v. Indep. Ins. Advisors, Inc.*, 56 V.I. 516, 534 (V.I. 2012).

¶5.　A court may justifiably deny a party's motion to amend a pleading and depart from the settled paradigm that leave to amend should be freely given due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Basic Services*, 74 V.I. at 536. However, "prejudice to the opposing party or the trial court is the most important factor in determining whether leave to amend should be freely given." *Davis*, 74 V.I. at 537.

¶6.　Here, Horwitz seeks to amend its complaint to add Jeffrey Major as a plaintiff as he "performed the work on the property," and according to Horwitz, Defendants are "well aware of Jeffrey Major's involvement in the project." Horwitz claims they are entitled to recover either under contract principles or the equitable doctrine of unjust enrichment/quantum meruit. Regarding the unjust enrichment/quantum meruit claims, Horwitz claims that the Defendants have been enriched by failing to pay the monies owed to Horwitz and Major. Horwitz argues that there is either a valid written agreement or a verbal agreement, and more significantly, they—Horwitz and Majors—provided services to Cowpet.[2]

¶7.　WorldClaim's primary argument in opposition to the amendment is futility. WorldClaim argues that the proposed amended complaint fails as there is no privity between Major and Cowpet,

---

[2] See Horwitz's Motion to Amend filed on February 26, 2019, and Reply filed on April 10, 2019.

and the proposed complaint does not allege that Major was a party to the alleged contract or an intended beneficiary. WorldClaim further claims that the contract, attached as Exhibit A to the Complaint, does not mention Major, and the amendment contradicts the contract. WorldClaim next argues that the unjust enrichment/quantum meruit claim must fail as Horwitz and Major are barred from seeking equitable relief under the unclean hands doctrine. In support of its contention that Horwitz and Major have unclean hands, WorldClaim alleges that at the time Horwitz entered into the contract with Cowpet, it was not licensed to provide public adjuster services in the Virgin Islands, and therefore the contract is a nullity and Majors conduct runs afoul of the unclean hands doctrine as he was acting as an agent for an unlicensed public adjuster in the Virgin Islands.[3]

8. An amendment is futile if it would not survive a motion to dismiss under Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure. *Gerson v. Walker,* 2019 V.I. LEXIS 152, *3, 2019 VI SUPER 74U, 2019 WL 8883542, at *2-3 (V.I. Super. Ct. May 21, 2019.) Because this is a notice pleading jurisdiction, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to survive a 12(b)(6) motion to dismiss. V.I.R. Civ. P. 8(a)(2); *Mills-Williams v. Mapp,* 67 V.I. 574, 585, (V.I. 2017).

9. Under the notice pleading standard in the Virgin Islands, Plaintiff's claim is not futile. A party is entitled to recovery under the equitable of principle quantum meruit or unjust enrichment where "fairness dictates that the plaintiff receive compensation for services provided." *Vanterpool v. Gov't of the Virgin Islands,* 63 V.I. 563, 592 (V.I. 2015). To assert a claim for unjust enrichment or quantum meruit, the plaintiff is required to plead "(1) that the defendant was enriched, (2) that such enrichment was at the plaintiff's expense, (3) that the defendant had appreciation or knowledge

---

[3] Cowpet filed an opposition to Horwitz's motion to amend the complaint on March 21,2019, and on March 3, 2028, WorldClaim joined in Cowpet's opposition and also filed an opposition to the motion to amend.

of the benefit, and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the plaintiff." *Walters v. Walters*, 60 V.I. 768, 779-780, (V.I. 2014). WorldClaim argues that the contract made no mention of Jeffrey Major, and there is no privity of contract between Major and Cowpet. Those contentions cannot defeat a motion to amend a complaint to assert quantum meruit or unjust enrichment as it is precisely in those instances where the existence of a written contract is disputed, but services have been provided, or there is a quasi-contract that a claim based on quantum meruit or unjust enrichment is appropriate.

¶10.    The absence of Jeffrey Major's name in the contract does not in and of itself make the amendment futile. Major claims that he signed the Retainer Agreement with Cowpet and entered an agreement with Herbert Horwitz where they agreed that Horwitz would provide consulting services and he (Major ) would provide public adjustment services to Cowpet.[4] Significantly, Major also claims that he provided public adjustment services to Cowpet from September 25, 2017, to January 20, 2018, and has set forth in detail the adjustment services he provided to Cowpet.[5] Whether the doctrine of unclean hands bars Horwitz and Majors' claims against WorldClaim is a factual inquiry that would be improper for the Court to determine on a motion to amend.  Since Major and Horwitz performed adjuster services for Cowpet, the amendment to add a claim for quantum meruit or unjust enrichment is not futile.

¶11.    Similarly, permitting Major to join the suit as an additional plaintiff and allowing him to assert a claim against WorldClaim for intentional interference with contractual relations against WorldClaim is not futile. To successfully plead such a claim, a plaintiff must assert: 1) the

---

[4] See Declaration of Jeffrey Major in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment on Plaintiff's Claims at ¶¶ 5-6.
[5] *Id* at ¶ 11.

existence of a contract between the plaintiff and a third party; 2) that the defendant knew of that contract; 3) that the defendant interfered with the contract using improper means or with an improper motive; and 4) that Plaintiff was damaged as a result. *Gerard v. Dempsey*, 2016 V.I. LEXIS 115, *19 (V.I. Super. Ct. 2016); *Rondon v. Caribbean Leasing & ECO Transportation, Inc.*, 74 V.I. 397, 417 (V.I. Super. Ct. July 8, 2021). The Court finds that for purposes of satisfying the notice pleading requirement under Virgin Islands Rules, Major has sufficiently alleged a claim for intentional interference with contractual relations against WorldClaim in the First Amended Complaint and has placed WorldClaim on notice of claims brought against it. *See* First Amended Complaint ¶¶ 46 -50.

¶12.     In deciding whether to grant or deny a motion to amend a complaint, the Court must determine whether the nonmoving party would be prejudiced by allowing the complaint to be amended. "Prejudice to the non-moving party is the touchstone for denying a motion to amend a pleading." *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 2017 LEXIS 73, *3 (V.I. Super. Ct. May 19, 2017)(citations and internal quotations omitted). In determining whether an amendment would be prejudicial, the court considers whether it would place an unfair burden on the opposing party or imperil the non-moving party's opportunity to present witnesses and other evidence at trial, which it would have presented had the amendments been timely. *Davis*, 74 V.I. 525 at 537 ("to constitute prejudice, the amendment must compromise the defendant's ability to present its case"); *Bermudez v. Virgin Islands Port Authority*, 76 V.I. 1010, 110 (V.I. Super. Ct. March 15, 2022). Whether the amendment will require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute are also factors courts consider in deciding whether the non-moving party will be prejudiced. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

¶13. It has been nearly five years since Horwitz filed its motion to amend the complaint. Since then, one defendant — Cowpet— has settled with Major and Horwitz, and WorldClaim has filed a motion for summary judgment. It would be inequitable for this Court to deny Horwitz's motion to amend merely on the basis that too much time has passed, particularly since WorldClaim is still a defendant and the amendments have not been mooted as to WorldClaim. Moreover, the delay in resolving the motion to amend cannot be attributed to Horwitz or Major.[6] The motion to amend was filed before WorldClaim filed its motion for summary judgment.[7] Even if Horwitz's motion to amend had been filed after WorldClaim's motion for summary judgment, this Court retains the discretion to permit an amendment to the complaint after the filing of a motion for summary judgment. *Pedro v. Ranger Am. of the Virgin Islands, Inc.,* 63 V.I. 511, 514 (2015)(the Superior Court erred in holding that amendment was futile where motion to amend was filed after defendant filed motion for summary judgment and proposed amended complaint stated cause of action); *Davis* 74 V.I. at 538 (reversed Superior Court's denial of motion to amend complaint where motion to amend was filed after the defendant filed its motion for summary judgment and amended complaint asserted a viable claim).

¶14. In this instance, it is prudent for the Court to rule on the motion to amend the complaint before ruling on the motion for summary judgment. This avoids the situation where the Court rules on the motion for summary judgment predicated on a complaint that has been superseded by a new

---

[6] Horwitz filed three requests for ruling on the motion to amend the complaint. Horwitz's initial Request for Ruling was filed on December 7, 2021, Second Request for Ruling was filed on November 11, 2022, and Third Request for Ruling was filed on September 19, 2023.

[7] Defendant Cowpet's Motion for Summary Judgment was filed on June 26, 2020. Plaintiff Horwitz in its opposition to Defendant Cowpet's motion for summary judgment states that on July 22, 2020, WorldClaim filed a Joinder of Defendant's Cowpet Motion for Summary Judgment. The Court has searched the electronic and paper file but has not found a joinder by WorldClaim. On November 27, 2023, WorldClaim filed a Renewed Motion for Summary Judgment and Brief in Support.

operative complaint with a new party and a new claim. By the Court addressing the motion to amend first, it ensures that the parties are fully aware of the operative complaint, streamlines the issues, avoids confusion and further delay, prevents unnecessary duplication of arguments and briefings, and ensures finality of litigation.

¶15.    Adding Major as a party and adding a count for unjust enrichment/quantum meruit at this time will not unduly prejudice WorldClaim. It is evident from a review of the file that Major has been actively engaged in the litigation of this matter.    He executed a declaration in support of Horwitz's opposition to Cowpet's motion for summary judgment. The Stipulation of Dismissal of the claims against Cowpet included the dismissal of "prospective Plaintiff Jeffrey Major" claims. Since 2019, WorldClaim has been on notice that Major could be added as a Plaintiff.   There is no evidence that permitting the amendment now would place an unfair burden on WorldClaim or jeopardize its ability to present witnesses or other evidence at trial, which it would have presented had the amendments been decided earlier.

¶16.    The amendment should not require WorldClaim, Horwitz, or Major to expend substantial additional resources to conduct discovery, prepare for trial, or significantly delay the resolution of the dispute, as Major has participated in this litigation over the years. Permitting Major to join the lawsuit should cause little delay as both Major and Horwitz are represented by the same counsel, avoiding a situation where new counsel has to get up to speed with the lawsuit.  On the other hand, denying the motion to amend merely due to the passage of time would be prejudicial to Horwitz and Major.

### III.  CONCLUSION

¶17.   The Court finds that allowing the addition of Major as a plaintiff and permitting Plaintiffs to assert a count for unjust enrichment/quantum meruit would not be futile or prejudicial to WorldClaim; therefore, the Court will grant Plaintiff's Motion to Amend the Complaint. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Amend Complaint is hereby **GRANTED**; and it is further

**ORDERED that** the First Amended Complaint filed on February 25, 2019, shall serve as the operating complaint in this matter and supersedes the Complaint filed on September 21, 2018; it is further

**ORDERED** that, **on or before February 15, 2024**, Plaintiffs shall serve the First Amended Complaint upon Defendant Fusco Group Partners, Inc. d/b/a WorldClaim Global Claims Management; it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

Date: <u>January 25, 2024</u>

**ATTEST**
Tamara Charles
Clerk of the Court

By: _____ 1/26/2024
     Latoya Camacho
     Court Clerk Supervisor ___/___/_____

**CAROL THOMAS-JACOBS**
Judge of the Superior Court
of the Virgin Islands